**SIGNED THIS: January 08, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CASEY J. RICHARDSON and | ) No. 08-82000 |
| MELISSA J. RICHARDSON, | ) |
| | ) |
| Debtors. | ) |

### O P I N I O N

This matter is before the Court on the objection filed by Michael D. Clark, Chapter 13 Trustee (TRUSTEE), to confirmation of the Chapter 13 Plan filed by the Debtors, Casey J. Richardson and Melissa J. Richardson (DEBTORS).

When the DEBTORS filed their Chapter 13 petition on July 31, 2008, they owned and lived in a single-family house on West Street in Farmington, Illinois. They also owned a second home on Court Street in Farmington. The DEBTORS valued the Court Street house at $42,300 encumbered by a mortgage of $50,000 to Home Equity Servicing Corp. Their Plan proposes to surrender the Court Street property to the mortgagee. Notwithstanding the Plan's surrender provision, the DEBTORS listed as a secured claim expense deduction

on line 47 of Official Form 22C, their monthly mortgage payment for the Court Street house in the amount of $454.

The TRUSTEE contends that the DEBTORS, who are admittedly above-median, are not permitted to deduct secured debt payments on property that is being surrendered. He argues that the improper expense deduction reduces their monthly disposable income by $454.00 so that the Plan fails the projected disposable income requirement of Section 1325(b)(1)(B). The DEBTORS maintain that the unambiguous language used by Congress in the BAPCPA amendments permits the deduction.

## ANALYSIS

The Court agrees with the position put forth by the DEBTORS, which has been characterized as the majority position. *In re Turner,* 384 B.R. 537, 542 n.4 (Bankr.S.D.Ind. 2008). This Court agrees with and adopts the reasoning of *Turner* and *In re Burmeister,* 378 B.R. 227 (Bankr.N.D.Ill. 2007).

Above-median debtors are directed to determine their expense deductions "in accordance with subparagraphs (A) and (B) of section 707(b)(2)." 11 U.S.C. § 1325(b)(3). Such debtors are directed to subtract from their "current monthly income" certain monthly expenses including average monthly payments on account of secured debts calculated in part by reference to "the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition." 11 U.S.C. § 707(b)(2)(A)(iii)(I). This Court agrees with those courts that construe the phrase "scheduled as contractually due" as referring to the secured debt payment schedule, not to the debtor's bankruptcy schedules. *See Turner* at 540-41; *In re Mundy,* 363 B.R. 407, 412-13 (Bankr.M.D.Pa. 2007); *In re Nockerts,* 357 B.R. 497, 503 (Bankr.E.D.Wis. 2006).

2

The statute says nothing about excluding secured debts when the debtor intends to surrender the collateral. Surrender of collateral is a common occurrence in both Chapter 7 and Chapter 13 cases. The absence of any such reference must be interpreted as a clear indication of Congressional intent that proposed surrender not affect deductibility. *See Turner* at 542. The statute plainly directs that secured debt deductions are to be determined based upon the debtor's contractual liability for the 60 months following the date of the petition. Contractual liability is not eliminated by a mere intent or proposal to surrender the collateral.[1] *See Burmeister* at 230-31.

The TRUSTEE contends that the statute could be interpreted to allow a deduction on surrendered property in Chapter 13 because a debtor's disposable income is to be determined "as of the effective date of the plan." 11 U.S.C. § 1325(b)(1). For above-median debtors, the means test expense deductions in Section 707(b)(2)(A)(iii) are directed to be determined by reference to the debtor's obligations as of the petition date. The means test provisions are incorporated by reference in Section 1325(b)(3) verbatim, without change. Congress chose to use exactly the same words for Chapter 7 and for Chapter 13, despite the difference in purposes between the two chapters. It would not be defensible to give two conflicting interpretations to the same language or to read an unstated exception for Chapter 13 cases into the statute. *See Southeast Alaska Conservation Council v. U.S. Army Corps of Engineers,* 486 F.3d 638, 646 (9th Cir. 2007) (negative inferences and implied exceptions to a statute are disfavored).

---

[1] Contrast a situation where, for example, a deed in lieu of foreclosure is executed by the debtor and delivered to the mortgagee prepetition. Where the debtor's personal liability for a debt is discharged, released or otherwise terminated prepetition so that no further payments are "contractually due," no means test expense deduction would be permitted.

3

Similarly, the TRUSTEE'S argument that the phrase "contractually due" must be given a different meaning in Chapter 13 does not hold water.  The Court is cognizant that several courts have determined that the debts for which a Chapter 13 debtor is "contractually due" are to be determined by reference to the plan, on the theory that the plan becomes a new contractual agreement.  *See, e.g., In re McPherson,* 350 B.R. 38 (Bankr.W.D.Va. 2006).  In addition to suffering from the same flaw previously noted of crowbarring a second interpretation of a single provision, such an interpretation conflicts with the statutory direction to calculate the secured debt deduction based upon the payments due "in each month of the 60 months *following the date of the petition*."  11 U.S.C. § 707(b)(2)(A)(iii)(I) (emphasis added).  This unambiguous provision simply does not permit it to be construed as if it said "following the date of confirmation of a plan."

The TRUSTEE also argues that the phrase "as of the effective date of the plan," as used in Section 1325(b)(1), signifies Congressional intent to have disposable income determined based on the debtor's obligations as modified under the plan, not as they existed at the time of filing.  As this Court noted in *In re Greer,* 388 B.R. 889 (Bankr.C.D.Ill. 2008), the phrase "as of the effective date of the plan" predates BAPCPA.  As discussed above, when Congress imposed a new definition for "disposable income," it incorporated verbatim the means test expense deduction formula which specifically directs a debtor to deduct secured debt payments based upon contractual liability as of the petition date.  It is inconceivable that Congress would have intended the pre-existing reference to the plan date to override the newly added, very specific direction provided in Section 707(b)(2)(A)(iii)(I).

4

Finally, the TRUSTEE makes the unsupported assertion that allowing the deduction would run contrary to the "primary objective of BAPCPA . . . to require higher income debtors to repay as much of their debt as possible." Although the rationale behind many provisions of BAPCPA is opaque, one thing that is clear is that Congress was most definitely not requiring above-median debtors in Chapter 13 to pay as much debt as possible. The primary purpose of the means test in Chapter 7 is to shift consumer debtors into Chapter 13 when, presumably, they can pay some or all of their debts in a Chapter 13 plan. The primary purpose of the means test in Chapter 13 is to make uniform the determination of disposable income. *In re May,* 390 B.R. 338, 350 (Bankr.S.D.Ohio 2008); *Turner,* 384 B.R. at 545; *In re Lasowski,* 375 B.R. 526, 531 (Bankr.E.D.Ark. 2007). That uniformity comes at a price. The price is that, because income is based on historical data and certain expenses are fixed for above-median debtors, the disposable income determination may permit a plan to be confirmed where the payments are less, sometimes substantially less, than the debtor could afford to pay based on current circumstances as reflected on Schedules I and J. It is also the case that some debtors, in order to confirm a plan, may have to pay more than they are able to actually afford at the time of confirmation. This Court believes Congress was aware of these eventualities and intentionally preferred system-wide uniformity over requiring every Chapter 13 debtor to pay all that they can afford, and only what they can afford, which is the way it worked before BAPCPA.

For these reasons, the TRUSTEE'S objection will be denied. A continued telephonic hearing on confirmation of the DEBTORS' Chapter 13 Plan is scheduled on January 13,

2009, at 2:45 p.m.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###